996 F.2d 1210
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James A. BREWER, Petitioner-Appellant,
v.
W. D. BLANKENSHIP, Respondent-Appellee.
 No. 93-6317.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 7, 1993.
Decided: June 24, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CA-92-55)
 James A. Brewer, Appellant Pro Se.
 Eugene Paul Murphy, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellee.
 W.D.Va.
 DISMISSED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 James A. Brewer noted this appeal outside the thirty-day appeal period established by Fed. R. App. P. 4(a)(1), and failed to move for an extension of the appeal period within the additional thirty-day period provided by Fed. R. App. P. 4(a)(5).* The time periods established by Fed. R. App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 Brewer states that he did not receive notice of the entry of judgment until over five months later. While Fed. R. App. P. 4(a)(6) permits the district court to extend the appeal period where the notice of entry of judgment is delayed, Brewer cannot benefit from this provision because he did not file a motion with prison officials, see Houston v. Lack, 487 U.S. 266 (1988), within seven days of the day he stated he received notice of the entry of judgment